IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| IOWA MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-3073 |
| LARRY HENNINGS, et al., | ) ) | |
| Defendants. | ) | |

**BEFORE BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:**

## OPINION

Before the Court is Plaintiff's Motion for Entry of Default Judgment [21] and Plaintiff's Motion for Entry of Default [25] as to Defendants Larry Hennings and Hennings Feed and Crop Care, Inc. [25].  Also before the Court is the Response to Plaintiff's Motion for Entry of Default filed by Defendants Larry Hennings and Hennings Feed and Crop Care, Inc. [29] and Plaintiff's Reply [36].

BACKGROUND

The Court adopts the background from Plaintiff's Reply [36] as if fully set forth herein.  That background sets forth a complete factual recitation of the dates, action, and various orders entered by the undersigned herein.

However, certain key dates need to emphasized. On or about May 2, 2005 and May 4, 2005, Larry Hennings executed a waiver on his own behalf and on behalf of Hennings Feed and Crop Care, Inc. See docket entries [5] and [6]. The waiver [5] indicates that Larry Hennings was to answer or otherwise plead on or before June 14, 2005. The waiver [6] indicates that Hennings Feed and Crop Care, Inc. was to answer or otherwise plead on or before June 14, 2005.

On September 6, 2005, Plaintiff filed its Motion for Entry of Default Judgment [21]. On September 7, 2005, the Court directed the Plaintiff to follow a local Standing Order and to file a Motion for Entry of Default. On September 15, 2005, Plaintiff filed its Motion for Entry of Default [25].

At various times the Court received correspondence from Larry Hennings. None of the correspondence can be interpreted as either an answer or other responsive pleading. See docket entries [18], [24], [27], and [28].[1] On November 1, 2005, retained counsel for Larry Hennings and Hennings Feed and Crop Care, Inc. filed a Response to the Motion for Entry of Default [29].

---

[1] **Docket entry [18] was received August 16, 2005, more than two months after the deadline to answer or otherwise plead had run.**

## ANALYSIS

Under Rule 4 of the Federal Rules of Civil Procedure, Larry Hennings and Hennings Feed and Crop Care, Inc. were required to answer or otherwise plead on or before June 14, 2005.  Rule 55(a) of the Federal Rules of Civil Procedure allows default to be entered when a party fails to answer or otherwise plead in a timely fashion.  Although Larry Hennings is *pro se*, the corporate Defendant Hennings Feed and Crop Care, Inc. must be represented.  See Text Order of September 14, 2005.  See also Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir., 1985). As to Larry Hennings, the *pro se* Defendant, the Court realizes *pro se* litigants are granted some latitude.   Although Hennings is proceeding *pro se* in this cause, and although *pro se* litigants are given wide latitude, *pro se* litigants do not enjoy "unbridled license to disregard clearly communicated court orders," nor are they entitled to a general dispensation from the rules of civil procedure or court-imposed deadlines.  Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996).  On the contrary, the United States Supreme Court has held: "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse

mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993).  Even *pro se* litigants are bound by the Federal Rules of Civil Procedure as it relates to deadlines and default.

Reviewing the Response of Larry Hennings and Hennings Feed and Crop Care, Inc. filed by counsel [29], that pleading leans heavily on the *pro se* status of Larry Hennings in seeking relief from Plaintiff's Motion for Entry of Default.  The Response [29] does <u>not</u> list the action taken to correct the default and does <u>not</u> list any type of meritorious defense for either Defendant to Plaintiff's Complaint.[2]   The Court adopts the position of the Plaintiff in its Reply [36] at page 9 concerning Larry Hennings and Hennings Feed and Crop Care, Inc.'s failure to take quick action to correct their default and their failure to make a showing of any meritorious defense.

## CONCLUSION

Based upon the above, Plaintiff's Motion for Entry of Default [25] is ALLOWED.  Pursuant to Standing Order, the Motion for Entry of Default Judgment [21] is STRICKEN without prejudice to refiling so long as Plaintiff

---

[2] **See U.S. v. Di Mucci, 879 F.2d 1488, 1495 (7th Cir., 1989) cited by Plaintiff.**

files a proper motion for entry of default judgment within fourteen (14) days of the entry of default.

ENTER:   December 12, 2005

                                      s/ Byron G. Cudmore
                            _____
                                      BYRON G. CUDMORE
                            UNITED STATES MAGISTRATE JUDGE